IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| LATASHA MITCHELL, PAMELA BOONE, and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>GOLDEN YEARS ASSISTED LIVING FACILITY, INC.,<br><br>    Defendant. | CASE NO.:  **4:21-cv-9**<br><br>*JURY TRIAL DEMANDED* |

## COMPLAINT

The Plaintiffs, LaTasha Mitchell, Pamela Boone and all others similarly situated, by counsel, state as follows for their Complaint against the Defendant, Golden Years Assisted Living Facility, Inc. ("Golden Years" or Defendant) – this action is brought on behalf of Ms. Mitchell, Ms. Boone and all medical technicians, nurses' aides, licensed practical nurses, aides and all others similarly situated.

## NATURE OF THE CASE

1. This action arises under the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §201 et seq. and the Virginia Overtime Wage Act ("VOWA"), Virginia Code Section 40.1-29.2 which provide that workers must receive compensation at a rate of one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in a workweek.

2. This case presents a collective action under the FLSA and VOWA in which Plaintiffs seek declaratory relief, injunctive relief and relief for unpaid overtime compensation,

liquidated damages (under the FLSA) and treble damages (under the VOWA) for themselves and others similarly situated as well as all costs and attorneys' fees.

3. The Defendant suffered or permitted the Plaintiffs to work hours in excess of forty (40) hours in their seven day workweeks, without receiving overtime compensation, in violation of the FLSA and VOWA.

4. Former and current employees of the Defendant may file written consents ("Consents") to join this representational action under the FLSA and VOWA. Each of the named Plaintiffs in this Complaint filed her written consent herewith.

## PARTIES

5. Defendant Golden Years is a Virginia corporation located in and maintaining its principal place of business in Hampton, Virginia. At all times relevant hereto, Golden Years was, and remains, an "employer" as that term is defined by 29 U.S.C. §203(d) and VOWA.

6. LaTasha Mitchell is a citizen and resident of the Commonwealth of Virginia and the United States. At all times relevant to this matter she was employed by Golden Years as a nurses' aide.

7. Pamela Boone is a citizen and resident of the Commonwealth of Virginia and the United States. At all times relevant to this matter she was employed by Golden Years as a medical technician.

8. The policies, practices and events complained of herein occurred as a result of management and operational practices common to, and directed, by the Defendant, the Defendant's owner and others within management. At all times relevant hereto, the Defendant was an "employer" within the meaning of 29 U.S.C. §207(a)(1) and VOWA, and was the Plaintiffs' "employer" within the meaning of those statutes.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331, 2201, and 2202.

10. Venue is proper in this judicial district under 28 U.S.C. §1391(b).

11. Defendant is subject to personal jurisdiction within the Commonwealth of Virginia and conducts significant operations within the Newport News Division of the United States District Court for the Eastern District of Virginia. Defendant maintains a place of business at 40 Hunt Club Boulevard, Hampton, Virginia 23666. Venue is proper in this district and division pursuant to 28 U.S.C. §1391(b) and Eastern District of Virginia Local Rule 3.

## FACTS

12. The Defendant has employed Plaintiffs for the previous three years as medical technicians, licensed practical nurses, certified nursing assistants, nurses' aides and general aides. The Defendant runs a nursing facility with approximately ninety (90) beds, nearly all of which have been full and occupied with patients for most of the last three years. Defendant has been understaffed and forced nearly all of its employees, including the Plaintiffs, to work extraordinary amounts of overtime. Both the FLSA and VOWA mandate that no employer shall employ any of its employees for a workweek longer than 40 hours unless the employer pays the employee overtime compensation at the rate of not less than one and one-half times the regular hourly rate of pay at which the employee is employed.

13. The Plaintiffs were non-exempt under both the FLSA and VOWA. As a result, they were entitled to receive overtime pay for each hour worked over forty (40) during their workweek. The Defendant forced the Plaintiffs to work numerous hours over 40 per week, without overtime pay. The Plaintiffs worked between 50 and 80 hours in the average workweek

over the preceding three years without receiving their overtime pay premium. The Plaintiffs' hourly rate of pay ranged between $9.00 and $17.00 per hour. Accordingly, they are each owed substantial sums in overtime pay for the average week worked in the preceding three years.

14. Defendant failed to pay and record the time described in the preceding paragraphs and, as a result, Plaintiffs were denied overtime to which they were entitled under both the FLSA and VOWA. The Defendant's owner and members of its management team were closely familiar with the Plaintiffs' work routines and actually observed them and had actual knowledge that the Plaintiffs worked substantial uncompensated overtime hours on a routine basis. The Defendant's violations of the FLSA and VOWA enumerated herein were committed knowingly and willfully.

15. The precise amounts of compensation due to the Plaintiffs are unknown because much information required to perform a precise calculation is within the exclusive control of the Defendant.

16. Because the Plaintiffs' hourly rates were between $9.00 and $17.00 per hour, their overtime rates over the last three years therefore ranged between $13.50 and $25.50 per hour. VOWA mandates a single three year "look back" statute of limitations. All statutes of limitations applicable to the two named plaintiffs are tolled as of the date of this filing.

17. Defendant knew and showed reckless and intentional disregard for the fact that its pay policies violated the FLSA and VOWA and the Defendant committed the aforesaid violations knowingly, willfully, recklessly and in bad faith.

18. Defendant has an obligation under both the FLSA and VOWA to maintain accurate records of time worked by employees. Upon information and belief, Defendant failed

to maintain accurate time records, and failed to ensure that accurate time records were maintained.

19. Although Defendant had an obligation to make proper inquiry into its FLSA and VOWA compliance obligations, it failed to do so or, having inquired, it ignored or willfully attempted to avoid its legal obligations.

20. Defendant has not acted in good faith with respect to its failure to pay overtime compensation. Defendant has no legitimate or good faith reason to believe its actions and omissions were in compliance with the FLSA or VOWA thus entitling Plaintiffs to recover liquidated damages (under the FLSA) and treble damages (under VOWA).

## COUNT I

### *Violation of the Fair Labor Standards Act*

21. Paragraphs 1 through 20, above, are incorporated into this Count by reference as if fully set forth herein.

22. The FLSA requires covered employers such as the Defendant to compensate workers such as the Plaintiffs at a rate of not less than one and one-half times their regular hourly rate of pay for work performed in excess of forty (40) hours in a seven day work week. The Defendant failed to compensate the Plaintiffs in a manner that complied with the FLSA and denied them substantial overtime compensation to which they are entitled.

23. The Plaintiffs have performed work which qualifies for payment of overtime pay under the FLSA, but for which the Plaintiffs have not been paid.

24. As a direct, actual and proximate result of the Defendant's actions, the Plaintiffs have suffered significant economic loss.

**WHEREFORE,** the Plaintiffs, LaTasha Mitchell, Pamela Boone and all others similarly situated, respectfully move this Court to enter judgment in their favor and award them each the following relief against Golden Years Assisted Living, Inc.:

1) Full payment of all overtime compensation due to them for all hours worked during the three years preceding the filing of this Complaint;

2) An award of an equal and additional amount as liquidated damages;

3) An award of injunctive relief or appropriate declaratory relief requiring compliance with the FLSA in the future;

4) An award of all Plaintiffs' costs, expert fees and reasonable attorneys' fees;

5) Interest at the applicable legal rate accruing from each week compensation was not paid and on all awarded costs and attorneys' fees; and

6) All such other relief as the Court deems appropriate and just under the circumstances.

## COUNT II

### *Violation of VOWA*

25. Paragraphs 1 through 20, above, are incorporated into this Count by reference as if fully set forth herein.

26. VOWA requires covered employers such as the Defendant to compensate workers such as the Plaintiffs at a rate of not less than one and one-half times their regular hourly rate of pay for work performed in excess of forty (40) hours in a seven day work week. The Defendant failed to compensate the Plaintiffs in a manner that complied with VOWA and denied them substantial overtime compensation to which they are entitled.

27. The Plaintiffs have performed work which qualifies for payment of overtime pay under the VOWA, but for which the Plaintiffs have not been paid.

28. As a direct, actual and proximate result of the Defendant's actions, the Plaintiffs have suffered significant economic loss.

**WHEREFORE,** the Plaintiffs, LaTasha Mitchell, Pamela Boone and all others similarly situated, respectfully move this Court to enter judgment in their favor and award them each the following relief against Golden Years Assisted Living, Inc.:

1) Full payment of all overtime compensation due to them for all hours worked during the three years preceding the filing of this Complaint;

2) A separate award of two times the overtime wages owed to effect their full entitlement to treble damages;

3) An award of injunctive relief or appropriate declaratory relief requiring compliance with VOWA in the future;

4) An award of all Plaintiffs' costs, expert fees and reasonable attorneys' fees;

5) Interest at the statutory mandated rate of 8% per annum accruing from each week compensation was not paid and on all awarded costs and attorneys' fees; and

6) All such other relief as the Court deems appropriate and just under the circumstances.

## TRIAL BY JURY DEMANDED

The Plaintiffs request a jury trial on all issues raised in this Complaint.

        Respectfully submitted,

        **LaTasha Mitchell, Pamela Boone and all others similarly situated**

        By:   */s/ James H. Shoemaker, Jr.*

James H. Shoemaker, Jr., VSB No. 33148
Andrew J. Dean, VSB No. 88192
Patten, Wornom, Hatten & Diamonstein, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602
Telephone: (757) 223-4580
Facsimile: (757) 249-1627
Jshoemaker@pwhd.com
adean@pwhd.com